UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSSELL J. YOUNG,<br><br>             Plaintiff,<br><br>   v.<br><br>KIRSTIE PUUMALA, et al.,<br><br>             Defendant. | CASE NO. 3:19-CV-6157-RJB-DWC<br><br>ORDER RENOTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* |

      The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

      On December 2, 2019, Plaintiff Russell J. Young filed a civil complaint and, on December 16, 2019, Plaintiff filed a complete application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkt. 1-1, 4.

      **Standard for Granting Application for IFP.**  The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. §

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS - 1

1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that he is unemployed and, over the last 12 months, has received $816.00 from disability, unemployment workers compensation or public assistance. Dkt. 4, p. 1. Plaintiff states he has $12.00 cash on hand and $53.00 in his bank accounts. *Id*. at p. 2. Plaintiff has no assets and spends $700.00 per month on living expenses. *Id*. He states he is on Social Security disability and cannot work. *Id*.

**Review of the Complaint.** The Court has carefully reviewed the complaint in this matter. Because Plaintiff filed this complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

In the proposed complaint, Plaintiff alleges violations of his civil rights under 42 U.S.C. § 1983. Dkt. 1-1. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Here, while difficult to decipher, Plaintiff states he pled guilty to one count of child molestation in 1992. Dkt. 1-1, p. 4. Plaintiff contends Defendants Kristie Puumala, Misty Allison, Ryan Jurvakain, and Alfred "Art" Bennett provided false information regarding the alleged crimes. *Id*. Plaintiff requests the Cowlitz County District Attorney Ryan Jurvakain declare that Plaintiff is innocent and exonerate Plaintiff of the crimes on his record. *Id*. at p. 5. He also requests damages in the amount of $50,000,000.00.

***Sua Sponte* Dismissal – Standard on Rule 12 (b).** Pursuant to Fed. R. Civ. P. 12 (b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Under Fed. R. Civ. P. 12 (b)(6), a federal court may dismiss a case *sua sponte* when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiff's Claims**. The allegations in the proposed complaint focus on Plaintiff's allegedly unlawful incarceration. *See* Dkt. 1-1. The Court finds Plaintiff's convictions would be invalidated if he were to prove the allegations in the proposed complaint. Thus, the Court finds Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S 477 (1994).

A plaintiff may only recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A "§ 1983 action is barred (absent prior

invalidation) –no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings) –*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff alleges Defendants were involved in "the unlawful reporting, court filing, and trial of [Plaintiff]." Dkt. 1-1, p. 4. Plaintiff states Defendants have knowledge of information that is exculpatory. *Id*. If Plaintiff proves the allegations in the proposed complaint, it would be grounds for invalidation of his underlying conviction. For example, if Plaintiff proves exculpatory evidence was not provided to his trial counsel, it is possible his plea could be found to be involuntary. This could invalidate the conviction.

As Plaintiff's allegations amount to an attack on the constitutional validity of his underlying convictions, the proposed complaint may not be maintained under § 1983 unless Plaintiff can show the convictions have been invalidated. *See Heck*, 512 U.S. at 486-87; *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003). Plaintiff does not allege his convictions have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. As Plaintiff's current convictions have not been reversed and as the validity of the convictions would be called into question if Plaintiff were to prove the facts of this case, his claims are barred by *Heck*. Therefore, Plaintiff must show cause why this case should not be dismissed as *Heck* barred.

Furthermore, the events giving rise to the allegations in the proposed complaint occurred in July of 1992. Dkt. 1-1, p. 4. A complaint must be timely filed. The Civil Rights Act, § 1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of

limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an IFP complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

From the allegations contained in the proposed complaint, Plaintiff had actual notice of the facts related to the claims alleged in the proposed complaint on July 2, 1992. *See* Dkt. 1-1; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). The time for filing a lawsuit expired on July 2, 1995, three years after Plaintiff's constitutional rights were allegedly violated.

*See* Dkt. 1-1. Plaintiff initiated this lawsuit on December 2, 2019, more than twenty-four years after the statute of limitations expired. *See* Dkt. 1. Plaintiff has not shown statutory or equitable tolling is applicable in this case. *See* Dkt. 1-1. Therefore, Plaintiff must show cause why the proposed complaint should not be dismissed because it is untimley.

The Court also notes several named Defendants do not appear to be state actors and, therefore, cannot be liable under § 1983. Thus, if Plaintiff files an amended complaint, he must clearly identify the named defendants and how each defendant is a state actor acting under color of state law.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

While it appears any attempt by Plaintiff to amend the proposed complaint would be futile, in an abundance of caution, the Court finds Plaintiff should be afforded an opportunity to amend his proposed complaint to try to state a claim under § 1983. Plaintiff's proposed amended complaint, if any, should be filed on or before February 28, 2020.

**Decision on Application to Proceed IFP**. A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987).

Based upon the above analysis of the deficiencies in the proposed complaint, the Court finds it appropriate to re-note Plaintiff's application to proceed IFP (Dkt. 4) to February 28, 2020.

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is **RENOTED** to **FEBRUARY 28, 2020;** and

- Plaintiff's proposed amended complaint, if any, **IS DUE** on or before **FEBRUARY 28, 2020**.

Dated this 24th day of January, 2020.

/s/ David W. Christel

David W. Christel
United States Magistrate Judge