1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

RUSSELL J. YOUNG,

11
                              Plaintiff,

12
          v.

13
KIRSTIE PUUMALA, et al.,

14
                              Defendants.

CASE NO. 3:19-CV-6157-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: May 15, 2020

15
16      The District Court has referred Plaintiff Russell J. Young's pending Application to

17    Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge

18    David W. Christel pursuant to Amended General Order 02-19. The Court has reviewed

19    Plaintiff's Proposed Amended Complaint and finds Plaintiff has failed to state a claim upon

20    which relief can be granted. Therefore, the Court recommends the Application to Proceed IFP be

21    denied and this case be dismissed.

22
23
24

# I.    Background

A. *Procedural History*

On December 2, 2019, Plaintiff Russell J. Young filed a civil complaint and, on December 16, 2019, Plaintiff filed a complete application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkt. 1-1, 4.  The Court reviewed Plaintiff's Proposed Complaint pursuant to 28 U.S.C. § 1915 and found Plaintiff had failed to state a claim upon which relief could be granted. Dkt. 6. The Court re-noted the Application to Proceed IFP and directed Plaintiff to file a proposed amended complaint. *Id*. After the Court granted Plaintiff an extension of time, Plaintiff filed the Proposed Amended Complaint on April 7, 2020.

B. *Factual Allegations*

While difficult to decipher, in the Proposed Amended Complaint, Plaintiff alleges violations of his civil rights under 42 U.S.C. § 1983. Dkt. 9. He states he pled guilty to one count of child molestation on October 29, 1992 under the advice of Defendant Alfred Bennett, Plaintiff's attorney. Dkt. 9, p. 1. Plaintiff contends Defendant Kristie Puumala provide false information to local authorities regarding the alleged crimes because she was angry with Plaintiff. *Id*. at pp. 1-2. Plaintiff seeks monetary damages. Dkt. 9.

# II.    Discussion

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

1      A.    *Heck Barred*

2      The allegations in the Proposed Amended Complaint focus on Plaintiff's allegedly

3  unlawful incarceration. *See* Dkt. 9. The Court finds Plaintiff's conviction would be invalidated if

4  he were to prove the allegations in the Proposed Amended Complaint. Thus, the Court finds

5  Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S 477 (1994).

6      A plaintiff may only recover damages under § 1983 for allegedly unconstitutional

7  imprisonment, or for any other harm caused by actions whose unlawfulness would render the

8  imprisonment invalid, if he can prove the conviction or other basis for confinement has been

9  reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

10  authorized to make such a determination, or called into question by a federal court's issuance of a

11  writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A "§ 1983 action is barred (absent prior

12  invalidation) –no matter the relief sought (damages or equitable relief), no matter the target of his

13  suit (state conduct leading to the conviction or internal prison proceedings) –*if* success in that

14  action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v.*

15  *Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

16      Here, Plaintiff alleges he was wrongfully convicted of a crime he did not commit. Dkt. 9.

17  He asserts Defendant Puumala withheld information regarding who committed the child

18  molestation because she was angry with Plaintiff. *Id*. Defendant Puumala also allegedly coached

19  the victim of the molestation to tell the police Plaintiff molested her. *Id*. In addition, Plaintiff

20  contends he has been unable to obtain exculpatory information. *Id*. If Plaintiff proves the

21  allegations in the proposed complaint, it would be grounds for invalidation of his underlying

22  conviction. For example, if Plaintiff proves the victim of the molestation provided false

23

24

REPORT AND RECOMMENDATION - 3

1  information to the police and if there is exculpatory evidence, it is possible his plea could be found

2  to be involuntary. This could invalidate the conviction.

3       As Plaintiff's allegations amount to an attack on the constitutional validity of his

4  underlying convictions, the Proposed Amended Complaint may not be maintained under § 1983

5  unless Plaintiff can show the convictions have been invalidated. *See Heck*, 512 U.S. at 486-87;

6  *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003). Plaintiff does not allege his convictions

7  have been reversed on direct appeal, expunged by executive order, declared invalid by a state

8  tribunal authorized to make such determination, or called into question by a federal court's

9  issuance of a writ of habeas corpus. The Court directed Plaintiff to show cause why this case

10  should not be dismissed as *Heck* barred. Dkt. 8. Plaintiff did not provide any evidence or

11  allegations that his conviction has been overturned. Dkt. 9. Rather, Plaintiff appears to request this

12  Court ignore *Heck*. *Id*. at p. 4. The Court declines to do so. As Plaintiff's current convictions have

13  not been reversed and as the validity of the convictions would be called into question if Plaintiff

14  were to prove the facts of this case, his claims are barred by *Heck*.

15       B.    *Personal Participation*

16       To state a claim under § 1983, a plaintiff must allege facts showing how individually

17  named defendants caused, or personally participated in causing, the harm alleged in the

18  complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350,

19  1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when

20  committing an affirmative act, participating in another's affirmative act, or omitting to perform an

21  act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping

22  conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d

23  at 633.

24

1    Here, the Proposed Amended Complaint contains no allegations against Defendant Ryan

2  Jurvakainen. Dkt. 9. Further, Plaintiff states only that Defendant Bennett advised Plaintiff to plead

3  guilty to one count of child molestation. *Id.* at p. 1. Plaintiff fails to allege any wrong-doing by

4  Defendants Jurvakainen and Bennett. He also failed to adequately explain what actions or inactions

5  by these two Defendants result in an alleged constitutional violation. Plaintiff's vague and

6  conclusory allegations are insufficient to show Defendants Jurvakainen and Bennett violated his

7  constitutional rights. Therefore, Plaintiff has failed to state a claim upon which relief can be

8  granted as to Defendants Jurvakainen and Bennett. *See Jones v. Community Development Agency*,

9  733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts

10  are not sufficient to state section 1983 claims).

11    C.    *Improper Defendants*

12    To state a claim for relief under § 1983, Plaintiff must also plead facts showing the

13  defendants were acting under color of state law. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th

14  Cir. 1986). Here, Plaintiff has not alleged facts sufficient to show Defendants Puumala and Bennett

15  were state actors acting under the color of state law.

16    First, Defendant Puumala appears to have been Plaintiff's roommate who provided

17  information to local authorities about Plaintiff's conduct. Dkt. 9. "Generally, private persons

18  cannot be liable under section 1983 unless their actions were 'clothed' with governmental

19  authority." *Goehring v. Wright*, 858 F.Supp. 989, 997 (N.D. Cal. 1994). There are no allegations

20  Defendant Puumala was a state actor. Therefore, Defendant Puumala cannot be liable under §

21  1983. *See Goehring*, 858 F.Supp. at 998 (finding private citizens complaining to local authorities

22  about the plaintiff's alleged activities were not liable under § 1983).

23

24

1    Second, Plaintiff contends he pled guilty under the advice of his attorney, Defendant

2    Bennett. Dkt. 9, p. 1. "[A] lawyer representing a client is not, by virtue of being an officer of the

3    court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v.*

4    *Dodson*, 454 U.S. 312, 318 (1981). Defendant Bennett, as Plaintiff's attorney, is not a state actor.

5    Therefore, Defendant Bennett cannot be liable under § 1983.

6    **III.    Leave to Amend**

7    The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must

8    have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they

9    cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

10    Plaintiff has been allowed to amend his Proposed Complaint and the Court instructed Plaintiff

11    regarding the deficiencies of his Proposed Complaint. *See* Dkt. 9. The Court also instructed

12    Plaintiff that he must clearly identify each defendant and explain how each defendant is a state

13    actor acting under color of state law. *Id*. Therefore, the Court recommends Plaintiff not be given

14    additional leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x

15    956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing

16    without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the

17    district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home*

18    *Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's

19    discretion to deny leave to amend is particularly broad where the court has already given the

20    plaintiff an opportunity to amend his complaint.").

21    **IV.    Conclusion**

22    For the above stated reasons, the Court finds Plaintiff's Proposed Amended Complaint

23    fails to state a claim upon which relief can be granted under § 1983. As Plaintiff has failed to

24

1  state a claim, the Court recommends the Application to Proceed IFP (Dkt. 4) be denied and this

2  case be dismissed.

3      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

4  Procedure, the parties shall have fourteen (14) days from service of this Report to file written

5  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

6  objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

7  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on May 15,

8  2020, as noted in the caption.

9      Dated this 22nd day of April, 2020.

10

11      _____

12      David W. Christel
       United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 7